IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOE N. HARRELL, | : | CIVIL ACTION NO. 3:22-CV-730 |
| | : | |
| Plaintiff | : | (Judge Neary) |
| | : | |
| v. | : | |
| | : | |
| MATTHEW MAYER, | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983 that is scheduled for a jury trial on April 13, 2026. Defendant has filed ten motions in limine. They are addressed below.

## I.    Factual Background & Procedural History

Plaintiff, Joe N. Harrell, filed this case on April 29, 2022, and the court received and docketed his complaint on May 17, 2022. (Doc. 1). The complaint alleged an incident of excessive force by defendant Mayer and several other claims. The case was initially assigned to United States District Judge Malachy E. Mannion.

Defendants moved to dismiss the complaint on August 22, 2022. (Doc. 14). On June 22, 2023, Judge Mannion converted the motion into a motion for summary judgment to the extent it asserted the affirmative defense of failure to exhaust administrative remedies. (Doc. 36). After receiving supplemental material on the exhaustion issue, Judge Mannion issued a memorandum and order on September 29, 2023, which granted the motion in part and denied it in part, allowing the case

to proceed solely as to: (1) Harrell's excessive force claim against defendant Mayer; and (2) his grievance interference claim against defendants Kothe and Kimmick. (Docs. 43-44). Defendants answered the complaint on October 19, 2023, and March 20, 2024. (Docs. 45, 59).

The parties filed cross motions for summary judgment in October and November of 2024. (Docs. 78, 81, 85). The case was reassigned to the undersigned in January 2025. On July 16, 2025, the court granted the motions for summary judgment filed by defendants Kothe and Kimmick, denied the motions for summary judgment filed by Harrell and Mayer, and allowed the case to proceed solely as to Harrell's excessive force claim against Mayer. (Docs. 94-95). The case is scheduled for a jury trial on April 19, 2026. (Doc. 100). Mayer filed ten motions in limine, which are docketed as one omnibus motion, on February 13, 2026. (Doc. 116). Briefing on the motions in limine is complete, and they are ripe for review. (Docs. 118, 125).

## II.    **Legal Standard**

A motion in limine seeks a pretrial ruling on the admissibility of evidence in order to narrow the evidentiary issues during trial and prevent the jury from seeing improper evidence. Onderko v. LM Gen. Ins. Co., 567 F. Supp. 3d 495, 499 (M.D. Pa. 2021). Evidence is generally admissible if it is relevant, meaning "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence may be precluded from trial if its "probative value is substantially

2

outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Excluding evidence as being more prejudicial than probative at the pretrial stage is an extreme measure that is rarely necessary, because no harm is done by admitting it at that stage." In re Paoli R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1990).

## III.   Discussion

### A.   Character Evidence

Mayer's first motion in limine seeks to exclude testimony indicating that he was, or trained as, "a UFC fighter." (Doc. 116 at 2-4). Mayer argues that any such evidence should be excluded from trial because it is irrelevant, because any probative value it has is substantially outweighed by a risk of unfair prejudice, and because it constitutes impermissible character evidence. (Doc. 118 at 8-12). Harrell opposes this motion because "Officer Mayer[']s training contributed to his physical and assaulting [actions] and injuries to me physically and mentally and emotionally." (Doc. 125 at 1). Harrell additionally argues that he never stated that Mayer "was or is a U.F.C. fighter" only that he "moves like he was a U.F.C. fighter." (Id. at 4).

Under Federal Rule of Evidence 404(a)(1), "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Here, evidence that Harrell was a UFC fighter (or trained as one) is clearly impermissible

3

character evidence: as plaintiff acknowledges, he intends to testify that the UFC training "contributed" to the alleged assault. (Doc. 125 at 1). This is impermissible under Rule 404(a)(1). The motion will accordingly be granted.

### B.    Statements

Mayer's second motion seeks to exclude several out-of-court statements purportedly made by other inmates and correctional officers on the date of the incident. (Doc. 116 at 4-8). Specifically, Mayer seeks to exclude: (1) a statement from an unidentified correctional officer stating, "Yo, you have his – you have your arm on his neck; you're not supposed to be able to do that"; (2) a statement from an unidentified correctional officer stating, "oh my fault, Mr. Harrell," as the officer escorted Harrell away from the incident and he bumped into a door; and (3) a statement from an unidentified correctional officer stating, "You don't have to do that, Officer Mayer. You're going off the rigid. You always go off the rigid." (Doc. 118 at 12-14). Mayer argues that these statements are inadmissible hearsay. (Id.) Harrell argues that this is not hearsay because he included the statements in his original grievance about the incident. (Doc. 125 at 2).

Hearsay is an out-of-court assertion offered to prove the truth of the matter asserted. Fed. R. Evid. 801(c). A statement that would be excludable as hearsay may be admitted if it fits into an exception enumerated in Federal Rule of Evidence 803.

Here, the three statements Mayer challenges are clearly hearsay: the first statement appears to be intended to prove that Mayer had his arm on Harrell's neck

and that this was an improper use of force, the second statement appears to be intended to prove that correctional officers intentionally caused Harrell to bump into a door, and the third statement appears to be intended to prove that Mayer was "off the rigid" and "always [went] off the rigid" when he used force against Harrell. Harrell has not offered any non-hearsay purpose for this evidence to be introduced. His argument is that the statements are not hearsay because he previously mentioned them in his grievance. (Doc. 125 at 2). This is immaterial. The fact that Harrell previously mentioned these statements—in a document that itself would likely constitute hearsay—does not establish that the statements are not hearsay. Accordingly, the court will grant this motion in limine.

### C.   Opinion Testimony

Mayer's third motion seeks to exclude from trial any testimony from plaintiff opining that the use of force was excessive or that his injuries were caused by the use of force. (Doc. 116 at 8-11). Mayer argues that such testimony would constitute improper expert testimony by a lay witness. (Doc. 118 at 14-15). Harrell argues that he should be allowed to testify on causation because he did not have any injuries to his shoulder prior to the incident with Mayer. (Doc. 125 at 3).

A lay witness may only offer opinion testimony if it is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701. Opinion testimony based on the witness's scientific, technical, or other specialized

5

knowledge may only be given if the witness has been qualified as an expert witness under Federal Rule of Evidence 702.

In this case, the court agrees with Mayer that Harrell cannot offer opinion testimony that the force used by Mayer was "excessive" because an opinion on this issue would not be appropriate lay witness testimony. The court finds, however, that testimony on causation might be rationally based on Harrell's perception and otherwise admissible as lay witness opinion testimony. See, e.g., In re Bayside Prison Litig., 341 F. App'x 790, 793 (3d Cir. 2009) (holding that prisoner plaintiff could testify to his own perception of injuries he suffered as a result of alleged assault); Hall v. Berdanier, No. 1:09-CV-1016, 2013 WL 818603, at *3 (M.D. Pa. Mar. 5, 2013) (same). The court will accordingly grant this motion in part and deny it in part.

### D.    Photos and Video Evidence

Mayer's fourth motion seeks to deem video evidence of the incident and photos of Harrell's injuries admissible. (Doc. 116 at 11-13). Mayer argues that this evidence is relevant and is not unfairly prejudicial, and notes that he can provide testimony to authenticate the evidence during trial. (Doc. 118 at 15-19). Harrell notes that the video footage depicts an officer saying that Mayer had his arm around Harrell's neck, (Doc. 125 at 3), but he does not appear to oppose the admissibility of the evidence, (see id.). The court will accordingly grant this motion in limine and deem the photo and video evidence admissible subject to defendant introducing sufficient testimony to authenticate the evidence during trial.

### E.    Settlement Offers

Mayer's fifth motion seeks to exclude from trial any evidence regarding offers to settle the case or other settlement negotiations. (Doc. 116 at 13-15). Mayer argues that such evidence is impermissible under Federal Rule of Evidence 408. (Doc. 118 at 19-20). Harrell does not appear to contest this motion. (See Doc. 125). The motion will be granted because, as Mayer correctly notes, offers to settle the case or the content of any settlement discussions are explicitly inadmissible under Rule 408. Fed. R. Evid. 408(a).

### F.    Testimony About Indemnity

Mayer's sixth motion seeks to exclude from trial any evidence that a judgment against him might be paid by Dauphin County or an insurer. (Doc. 116 at 15-17). Mayer argues that this evidence is inadmissible under Rule 411 and irrelevant under Rule 401. (Doc. 118 at 20-21). Harrell argues that this evidence should be admitted because Mayer was working for Dauphin County at the time of the incident and "if a parent buy[s] a 15 year old that [has] a mental condition a gun and the kid kills someone the parent will be responsible for it." (Doc. 125 at 4).

Harrell appears to misunderstand Mayer's motion. Mayer does not seek a court ruling that Dauphin County or its insurer is not responsible for any judgment against him; he simply seeks to bar Harrell from introducing testimony or evidence at trial to show that Dauphin County or its insurer would be responsible for the judgment. The federal rules of evidence bar the introduction of such evidence to prove liability, see Fed. R. Evid. 411, and the court agrees with Mayer that the

evidence would be irrelevant and prejudicial if offered for any other purpose. Any testimony that Mayer might not be monetarily responsible for a judgment against him would likely make the jury more likely to rule against him for no legitimate purpose.

### G.   Other Dauphin County Cases

Mayer's seventh motion seeks to preclude evidence of other lawsuits filed against Dauphin County. (Doc. 116 at 17-19). Mayer argues that such evidence would be inadmissible, irrelevant, and prejudicial. (Doc. 118 at 21-22). Harrell does not appear to contest this motion. (See Doc. 125). The court will grant the motion because it agrees with Mayer that evidence of other cases filed against Dauphin County would be irrelevant to whether Mayer used excessive force in this case and would only serve to prejudice the jury against Mayer.

### H.   Punitive Damages

Mayer's eighth motion seeks to preclude Harrell from recovering punitive damages. (Doc. 116 at 19-20). Mayer argues that punitive damages are barred because Harrell is only suing Mayer in his official capacity. (Doc. 118 at 22-23). Harrell argues that there is no basis to preclude punitive damages at this stage. (Doc. 125 at 5).

Mayer's argument appears to misunderstand the distinction between official capacity and individual capacity claims. Harrell's complaint is silent as to whether he is suing Mayer in his official capacity or individual capacity, but Mayer argues that the claims against him are properly understood as official capacity claims

because "Plaintiff's allegations against Officer Mayer are related to Officer Mayer's employment as a corrections officer at Dauphin County Prison." (Doc. 118 at 22).

This is incorrect. "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citing Scheuer v. Rhodes, 416 U.S. 232, 237-38 (1974)). "Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" Id. (quoting Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978)). Harrell's claims against Mayer are plainly individual capacity claims: he seeks to hold Mayer liable for allegedly using excessive force under color of state law. He is not seeking to sue Mayer merely as a legal stand-in for Dauphin County. Thus, because Mayer is incorrect that Harrell is suing him in his official capacity and he has not asserted any other arguments to bar punitive damages, his motion in limine seeking to bar Harrell from recovering punitive damages will be denied.

## I.    Previously Dismissed Claims

Mayer's ninth motion seeks to preclude evidence of claims that have previously been dismissed from this case. (Doc. 116 at 20-22). Mayer argues that this evidence is irrelevant to the case and likely to confuse the jury. (Doc. 118 at 23).

This motion will be denied without prejudice to Mayer seeking to preclude this testimony during trial. The court simply cannot determine whether admission of the evidence is proper until one of the parties has attempted to introduce the evidence and the court can address any questions of relevance and potential

prejudice on a developed trial record. See Paoli, 916 F.2d at 859 ("[P]retrial Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." (internal emphasis omitted)).

### J.    Prior Felony Conviction

Mayer's tenth and final motion seeks to deem admissible plaintiff's prior felony conviction for purposes of impeaching him if he testifies. (Doc. 116 at 22-24). Mayer argues that the conviction is admissible evidence under Rule 609. (Doc. 118 at 24). Harrell argues that his conviction should not be admitted because he believes it was wrongful and is challenging it through Pennsylvania's Post-Conviction Relief Act in state court. (Doc. 125 at 6-7).

Mayer is correct that a felony conviction is ordinarily admissible to impeach a witness's credibility when he testifies in a civil trial. See Fed. R. Evid. 609(a)(1)(A). However, because the court must conduct a Rule 403 balancing test before deeming the conviction admissible, see id.; Sharif v. Picone, 740 F.3d 263, 272 (3d Cir. 2014), and it is rarely appropriate to make a Rule 403 ruling prior to trial, See Paoli, 916 F.2d at 859, the court will defer ruling on the admissibility of Harrell's conviction until trial.

### IV.    Conclusion

Defendant's motions in limine to preclude evidence that he trained as a UFC fighter, several hearsay statements, evidence regarding settlement negotiations, evidence regarding possible indemnity by Dauphin County or its insurer, and

evidence of other cases filed against Dauphin County are granted. Defendant's motion in limine seeking to bar plaintiff from providing lay opinion testimony is granted to the extent it seeks to preclude plaintiff from testifying that the force used by defendant was "excessive," but denied without prejudice to the extent it seeks to preclude plaintiff from testifying about causation. Defendant's motion seeking to deem admissible video and photo evidence of the incident is granted subject to defendant introducing sufficient testimony to authenticate the evidence during trial. Defendant's motions in limine seeking to bar plaintiff from recovering punitive damages, bar plaintiff from introducing evidence relevant to dismissed claims, and admit evidence of plaintiff's felony conviction are denied without prejudice. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:       April 6, 2026